**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ROBERTSON, | No. 09-72052 |
| Petitioner - Appellant, | Tax Ct. No. 23218-07 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted November 21, 2011**

Before:     TASHIMA, BERZON, and TALLMAN, Circuit Judges.

James Robertson appeals pro se from the Tax Court's decision dismissing

for failure to prosecute his petition challenging the Commissioner of Internal

Revenue's determination to sustain an action to collect taxes that Robertson failed

to pay in 2002. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review for

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion, *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988), and we affirm.

The Tax Court did not abuse its discretion in dismissing Robertson's petition for failure to prosecute based on his willful and unexcused failure to appear for trial, especially because the court had already reinstated the action after a previous dismissal and warned Robertson about the possibility of dismissal if he failed to appear or to comply with other rules. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1384-85 (9th Cir. 1996) (dismissal was not an abuse of discretion because willful failure to appear, prejudice to defendant, and interference with court's docket outweighed policy favoring resolving litigation on the merits and imposition of less drastic sanctions); *see also* Tax Ct. R. 149(a) (case may be dismissed for failure to prosecute if party is absent from trial without excuse); Tax Ct. R. 123(a) (dismissal appropriate if party fails to proceed as required by court).

Robertson's remaining contentions are unpersuasive.

We do not address Robertson's arguments regarding the Tax Court's interlocutory orders because failure to prosecute forfeits the right to appeal such issues. *See Al-Torki*, 78 F.3d at 1386.

**AFFIRMED.**